**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEPHEN M. LOBBIN et al., <br><br> Plaintiffs, <br><br> v. <br><br> TARGET CORPORATION et al., <br><br> Defendants. | Case No.: 3:21-cv-01785-RBM-JLB <br><br> **ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

On February 1, 2023, the undersigned issued an Order to Show Cause ("OSC"), directing Stephen M. Lobbin and SML Avvocati P.C. ("Plaintiffs") to show cause, in writing, why the case should not be dismissed for failure to prosecute. (Doc. 7.) Plaintiffs responded to the OSC on February 15, 2023. (Doc. 8.) For the reasons outlined below, the Court declines to extend the time for Plaintiffs to effect service and dismisses this case without prejudice pursuant to Federal Rule of Civil Procedure 4(m) and 41(b).

**I.   BACKGROUND**

On October 18, 2021, Plaintiffs filed a complaint against Target Corporation and Kmart Corporation ("Defendants"). (Doc. 1.) The complaint asserts claims for intentional misrepresentation, negligent misrepresentation, and violations of California Business & Professional Code section 17200, related to Defendants' conduct underlying a settlement

agreement entered between the parties in a related case pending before the undersigned, *The Eclipse Group LLP v. Target Corp., et al.*, Case No. 3:15-cv-01411-RBM-JLB (S.D. Cal.) ("Related 2015 Case"). Summonses were issued by the Clerk of Court on October 19, 2021. (Doc. 2.) Pursuant to Federal Rule of Civil Procedure 4(m), Plaintiff had until January 16, 2022 to serve Defendants in this case. The case was transferred to the undersigned on April 5, 2022. (Doc. 6.)

On February 1, 2023, the Court ordered Plaintiffs to show cause why the case should not be dismissed for failure to prosecute. (Doc. 7.) Plaintiffs timely responded to the OSC, arguing good cause exists for its failure to timely serve Defendants. (Doc. 8.) Plaintiffs allege they have asked Defendants' counsel in the Related 2015 Case to informally accept service of process in this action and stipulate to stay this action pending final resolution of the 2015 Case. (*Id.* at 1-2.) Plaintiffs' response does not indicate what date they made this request to counsel for Defendants. (*Id.*) To date, counsel for Defendants have apparently not provided a response to Plaintiffs' request. (*Id.*) Plaintiffs request that the Court enter an order staying this action pending a final resolution of the Related 2015 Case or grant an additional thirty days to complete formal service of process on Defendants. (*Id.* at 2.) Other than Plaintiffs' response to the OSC, the record reveals that Plaintiffs have made no effort to prosecute this action besides filing the operative complaint.

## II.   LEGAL STANDARND

Pursuant to Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id*. Good cause, at a minimum, means excusable neglect. *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991). "In addition to excusable neglect, a plaintiff may be required to show the following factors to bring the excuse to the level of good cause: '(a) the party to be served personally received actual notice of the lawsuit; (b) the

defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed.'" *Lemoge v. United States*, 587 F.3d 1188, 1198 n.3 (9th Cir. 2009) (citing *Boudette*, 923 F.2d at 756).

"Rule 4(m) provides two avenues for relief.  The first is mandatory: the district court must extend time for service upon a showing of good cause.  The second is discretionary: if good cause is not established, the district court may extend time for service upon a showing of excusable neglect." *Lemoge*, 587 F.3d at 1198 (citation omitted).  Good cause has been found in situations where "service has been attempted but not completed, that plaintiff was confused about the requirements of service, or that plaintiff was prevented from serving defendants by factors beyond his control." *Allan Family Trust v. City of San Diego*, No. 21-cv-2049-JO, 2022 WL 7675275, at *1 (S.D. Cal. Oct. 13, 2022) (citing *AF Holdings LLC v. Does 1-135*, 2012 WL 1038671, at *3 (N.D. Cal. Mar. 27, 2012)).  In situations where the Court extends the time for service despite an absence of good cause, the Court may consider factors such as the statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service. *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (citation omitted).

Further, district courts may dismiss a plaintiff's action for failure to prosecute under Federal Rule of Civil Procedure 41(b).  In "[a]ctions or proceedings which have been pending in this court for more than six months, without any proceeding or discovery having been taken therein during such period, may, after notice, be dismissed by the Court for want of prosecution . . ." CivLR 41.1(a).  "When circumstances make such action appropriate, a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962).  "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 629.

In determining whether to dismiss a claim for failure to prosecute, the court weighs the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdick v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992)).

### III.   DISCUSSION

A. Good Cause for Delayed Service

Plaintiffs explain the near eighteen-month delay in service is due to the pending 2015 Related Case and Defendants' counsel's lack of response to Plaintiffs' request to accept informal process on behalf of Defendants. These reasons, alone, do not support a finding of good cause for failure to timely effect service under Federal Rule of Civil Procedure 4(m). *See Crowley v. Factor 5, Inc.*, No. C 11-05528-SBA, 2014 WL 1868851, at *2–3 (N.D. Cal. May 7, 2014) (finding plaintiff's argument that case "effectively stayed" by other pending related litigation did not support good cause for untimely service); *In re Waldner*, 183 B.R. 879 (B.A.P. 9th Cir. 1995) (half-hearted attempts at service do not constitute good cause). There is no evidence Defendants have attempted to evade formal service of process. *Compare Wei v. Hawaii*, 763 F.2d 370, 371 (9th Cir. 1985) (evasion of service can constitute good cause for untimely service). Plaintiffs have not identified any inadvertent error or any other factor outside of Plaintiffs' control that prevented timely service. Without any argument to the contrary from Plaintiffs, "the law presumes injury from unreasonable delay." *See Anderson v. AirWest, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976) (presumption of prejudice may be rebutted by showing no actual prejudice occurred). Accordingly, the Court declines to find good cause to extend the time for service under Rule 4(m).

B. Discretionary Extension of Time to Effect Service

Plaintiffs' response does not specify what date they requested Defendants' counsel to accept informal service of process. Therefore, it is unclear when, if at all, Defendants

received actual notice of this lawsuit.  The response likewise provides no authority or legal analysis demonstrating whether any of the claims in this case would be time barred if this action is refiled.  *See Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003) ("[o]ur adversarial system relies on the advocates to inform the discussion and raise the issues to the court.").  Again, prejudice to the Defendants is presumed absent any argument to the contrary.  Having considered the relevant factors, the Court finds the circumstances do not warrant a discretionary extension of time for service.

C. Failure to Prosecute

Not only have Plaintiffs failed to timely serve Defendants in compliance with Rule 4(m), but they also have failed to demonstrate good cause for their failure to prosecute. The factors outlined in *Ferdick v. Bonzelet* weigh in favor of dismissal of this case for failure to prosecute.

1. *Public's Interest in Expeditious Resolution*

The first factor "always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  Plaintiffs initiated this action in October 2021.  (Doc. 1.)  Absent the OSC and Plaintiffs' response to the OSC, no action has been taken in this case since 2021. Despite the February 1 OSC notifying Plaintiffs of their failure to timely effect service and failure to prosecute, Plaintiffs have done nothing more than request a stay of the case or additional time for service.  (Doc. 7.)  This protracted delay necessarily weighs in favor of dismissal.

2. *Court's Need to Manage its Docket*

The district court is in the best position to decide when delay in a particular case interferes with docket management and the public interest. *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984).  Plaintiffs' failure to timely effect service "has resulted in a continued delay in the prosecution of this case and has 'impermissibly allowed [P]laintiff[s] to control the pace of the docket rather than the [C]ourt.'" *Johnson v. United States*, No. 22-cv-1188-BAS-AGS, 2023 WL 2414266, at *2 (S.D. Cal. Mar. 7, 2023) (citing *Smith v. Cty. of Riverside Sheriff Dep't*, No. ED CV 17-1969-DSF (SP), 2019 WL 7865170, at *3 *(C.D.

Cal. Nov. 18, 2019)). Therefore, this factor weighs in favor of dismissal.

### 3. Risk of Prejudice to Defendants

"[T]he failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure. The law presumes injury from unreasonable delay." *In re Eisen*, 31 F.3d 1447, 1552-53 (9th Cir. 1994). The Court looks at "the strength of the plaintiff's excuse for the default" in weighing whether prejudice is sufficient to support dismissal. *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987) (citation omitted). Here, Plaintiffs' excuse for their failure to timely effect service upon Defendants is not persuasive. The record shows Plaintiffs have been deliberately proceeding in dilatory fashion and have simply been awaiting resolution in the 2015 Related Case before proceeding with the instant case. *See Link*, 370 U.S. at 633. The loss of evidence, loss of memory by a witness, and Defendants' ability to go to trial in this case may not necessarily be a concern given the litigation in the 2015 Related Case and the evidence obtained therein. However, given the near eighteen month-delay in service, the third factor weighs in favor of dismissal.

### 4. Public Policy

Given that public policy favors disposition of cases on the merits, this factor weighs against dismissal. *Pagtalunan*, 291 F.3d at 643 (citation omitted).

### 5. Less Drastic Alternatives

The Court should make a "reasonable exploration of possible and meaningful alternatives" to dismissal. *In re Eisen*, 31 F.3d at 1455 (citation omitted).

The February 1 OSC warned Plaintiffs about their failure to timely effect service upon the Defendants. (Doc. 7 at 1.) Plaintiffs' response does not show any attempt to effect formal service of process upon Defendants, but rather, shows Plaintiffs only want to further delay this case due to the pending 2015 Related Case. (*See generally* Doc. 8.) Plaintiff had over one year to request a stay or an extension of time to effect service prior to the undersigned's OSC, but they choose to remain silent.

Moreover, any lesser sanction, such as a monetary sanction, would not cure the delay

in this case and Plaintiffs' failure to comply with Rule 4(m). *See In Re Eisen*, 31 F.3d at 1455 (finding dismissal only proper sanction). Given Plaintiff Lobbin's claim of financial hardship in the 2015 Related Case, monetary sanctions may be more detrimental to Plaintiffs than dismissal of this case. *See The Eclipse Group LLP*, Case No. 3:15-cv-01411-RBM-JLB, Dkt. 261 at 2–5 (S.D. Cal. Aug. 20, 2020) (Lobbin opposing Defendant Target's request for attorney's fees, in part, based upon financial hardship).

Four out of five factors weigh in favor of dismissal for failure to prosecute. Therefore, the Court dismisses the entirety of this civil action without prejudice based upon Plaintiffs' failure to prosecute and timely effect service pursuant to Federal Rule of Civil Procedure 41(b) and 4(m), respectively. *See Johnson*, No. 22-cv-1188-BAS-AGS, 2023 WL 2414266, at *3 (dismissing case without prejudice due to plaintiff's failure to prosecute and comply with the Court's order to show cause requiring completion of service of process or submission of request for extension of time for service); *see also O'Brien v. Visa USA, Inc.*, 225 Fed. App'x 677, 678 (9th Cir. 2007) (affirming dismissal for failure to prosecute and failure to timely effect service pursuant to Rule 4(m)).

## IV.   CONCLUSION

For the reasons stated above, this action is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

DATE: April 10, 2023

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE